IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Maurice C. Wood, : | CIVIL ACTION |
|     Petitioner : | |
| : | |
| : | |
| : | |
| Frank D. Gillis, et al., : | 02-CV-4523 |
|     Respondents : | |

### REPORT AND RECOMMENDATION

JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

    Before the court is a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. Petitioner, Maurice C. Wood, is currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania. For the reasons set forth below, this court recommends that the petition be STAYED pending the filing and disposition of a petition for collateral review in the state court.

### FACTUAL AND PROCEDURAL HISTORY

    On December 16, 1993, following a jury trial in the Court of Common Pleas of Philadelphia County, Wood was convicted of two counts of aggravated assault, two counts of carrying a firearm on a public street, and single counts of robbery and criminal conspiracy. Post-trial motions were denied on October 12, 1994, and Wood was sentenced to an aggregate term of thirty (30) to eighty (80) years' imprisonment.

    Wood filed a timely appeal to the Superior Court of Pennsylvania, but it was dismissed for failure to file a brief. On July 22, 1996, Wood filed a petition for collateral relief under Pennsylvania's Post Conviction Hearing Act ("PCHA"), 42 Pa. C.S.A. § 9541, *et seq.,* seeking the reinstatement of his appellate rights *nunc pro tunc*. His petition was granted and appointed

counsel filed an appeal on September 13, 1996. On appeal, Wood claimed that: 1) trial counsel was ineffective for failing to investigate and call a witness; 2) the trial court erred by failing to instruct the jury on prior inconsistent statements; 3) trial counsel was ineffective for failing to preserve a sufficiency of the evidence claim; 4) trial counsel was ineffective for failing to object to the trial court's aggravated assault charge; and 5) his two convictions for carrying a firearm on a public street should have merged. On April 21, 1998, the Superior Court vacated Wood's sentence for one of the two convictions for carrying a firearm on a public street and affirmed each of the remaining judgments of sentence. Commonwealth v. Woods, 710 A.2d 626 (Pa. Super. 1998).

On May 21, 1998, Woods filed a petition for allowance of appeal in the Supreme Court of Pennsylvania claiming that trial counsel was ineffective for: 1) failing to investigate and call a witness; and 2) failing to preserve a sufficiency of the evidence claim. On October 6, 1998, the Supreme Court denied Wood's request for discretionary review. See Commonwealth v. Woods, 782 A.2d 546 (Pa. 1998) (table).

On April 13, 1999, the trial court vacated its judgment of sentence on the count reversed by the Superior Court and granted Wood's motion to reconsider his sentence. On July 15, 1999, the trial court reinstated its original sentence (with the exception of the one vacated count). Woods again appealed to the Superior Court contending that: 1) the sentences for robbery and aggravated assault should have merged; 2) the trial court violated due process in the sentencing proceedings; and 3) the trial court abused its discretion in denying reconsideration of sentence. On February 2, 2001, the Superior Court rejected theses claims and affirmed the judgments of sentence. Commonwealth v. Woods, No. 2567 EDA 1999. On July 31, 2001, Wood's petition

for permission to appeal in the Pennsylvania Supreme Court was denied. Commonwealth v. Woods, 782 A.2d 546 (Pa. 2001)(table).

On July 8, 2002, Woods filed the instant petition for a writ of *habeas corpus* in which he asserts the following claims: 1) the trial court erred in failing to give an instruction on prior inconsistent statements; 2) ineffective assistance of trial counsel for failing to investigate and call a witness; 3) ineffective assistance of trial counsel for failing to preserve a sufficiency claim; 4) ineffective assistance of trial counsel for failing to object to the trial court's instruction on aggravated assault; and 5) that the trial court imposed an excessive sentence. The Commonwealth filed a response asserting that Wood's petition should be denied because the claims raised are unexhausted and procedurally defaulted, or otherwise without merit.

Thereafter, Woods contacted this court to request permission to withdraw his *habeas* petition in order to pursue his unexhausted claims in the state court. In response, the Commonwealth advised this court that any attempt to seek further review in the state would be barred by the jurisdictional limitations of the Pennsylvania Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. §§ 9541, *et seq*. Wood again responded that it was his desire that he be permitted to withdraw his petition without prejudice because he believed that recent Pennsylvania case law would permit his filing a second or subsequent PCRA petition.

## DISCUSSION

Absent exceptional circumstances, a federal court will not entertain the claims of a *habeas* petitioner unless he has exhausted all available state remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999); Vasquez v. Hillery, 474 U.S. 254 (1986); Picard v. Connor, 404 U.S. 270 (1971). A petitioner "shall not be deemed to have exhausted the

remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  The policy behind the total exhaustion doctrine is rooted in the notion of comity: the state must be given the initial opportunity to pass upon and correct the alleged violations of the petitioner's constitutional rights.  O'Sullivan, 526 U.S. at 844-45; Picard, 404 U.S. at 275.  Exhaustion does not require that the highest state court rule on the merits of a petitioner's claim, but only that said court be given the opportunity to do so.  Swanger v. Zimmerman, 750 F.2d 291 (3d Cir. 1984).

To satisfy the exhaustion requirement, the petitioner must fairly present every claim included in a federal *habeas* petition to each level of the state courts.  Duncan v. Henry, 513 U.S. 364, 365 (1995); O'Sullivan, 526 U.S. at 846-47; Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  The burden of showing that all claims were fairly presented to the state's highest court is on the *habeas* petitioner.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Toulson v. Beyer, 987 F. 2d 984, 986 (3d Cir. 1993).

Here, the parties agree, and the record shows, that three of Wood's claims (the first, fourth, and fifth) are unexhausted.  When the petitioner includes unexhausted claims, the entire petition must be dismissed as a "mixed petition" unless the unexhausted claims are withdrawn. Rose v. Lundy, 455 U.S. 509, 521-522 (1982).  However, "[a] petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose."  Toulson v. Beyer, 97 F.2d 984, 987 (3d Cir. 1993).  When a "state claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement may be satisfied because there is 'an absence of available state corrective process.'"  Duncan v. Henry,

4

513 U.S. 364, 365-66 (1995); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). Thus, where it would be futile to return unexhausted claims to the state court because further review is procedurally barred, the district court may dismiss the unexhausted claims and consider the merits of the claims that are exhausted and not barred. Id. (citing Teague v. Lane, 489 U.S. 288 (1989)).

Generally, further review of Wood's claims is precluded by Pennsylvania law because the state courts would either dismiss a subsequent PCRA petition as untimely or find that the claims had been waived. See 42 Pa. C.S.A. §§ 9543(a)(3); 9544(b); 9545(b)(1). Petitions for collateral review must be filed within one (1) year of the date judgment becomes final unless the petitioner meets one of three limited exceptions that do not apply in the instant case.[1]  42 Pa.. C.S.A. § 9545(b). See also Commonwealth v. Peterkin, 722 A.2d 638, 642-43 (Pa. 1998) (finding no jurisdiction to hear an untimely PCRA petition); Commonwealth v. Cross, 726 A.2d 333, 335-36 (Pa. 1999) (same); Commonwealth v. Banks, 726 A.2d 374, 376 (Pa. 1999) (same).

Because the Pennsylvania Supreme Court has applied the one-year statute of limitations as a procedural bar to all untimely PCRA petitions, this court has consistently concluded that further review of any additional claims in the state court is foreclosed. However, Woods contends that the Pennsylvania Supreme Court's decision in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), permits his filing of an additional and untimely PCRA petition because the right

---

[1] These exceptions are: i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. 42 Pa. C.S.A. § 9545(b).

asserted is a constitutional right recognized by the Supreme Court of Pennsylvania after the time period provided in this section and it has been held by that court to apply retroactively. See 42 Pa. C.S.A. § 9545(b)(iii).

In Grant, the Pennsylvania Supreme Court held that a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. The Court specifically overruled its previous holding, in Commonwealth v. Hubbard, 372 A.2d 687 (Pa. 1977), which required the petitioner to raise an ineffectiveness claim when new counsel is obtained or the claims would be deemed waived. The Court also held that this new "non-constitutional" rule of procedure will be applied to "any other cases on direct appeal where the issue of ineffectiveness was properly raised and preserved. Grant, 813 A.2d at 738.

After consideration of the arguments and a review of the holding in Grant, this court is not persuaded that Wood will be able to obtain the relief he seeks in the state court based upon the Court's decision in Grant. However, there does not appear to be any prejudice that would result by giving Wood an opportunity to make such an application. As noted by the Commonwealth, the withdrawal of this petition would likely result in the dismissal of a future petition because the instant *habeas* petition does not serve to toll the limitations period. See Duncan v. Walker, 533 U.S. 167 (2001) (28 U.S.C. § 2244(d)(2) provides that only state collateral petitions toll the limitations period). The Commonwealth is also correct in its assertion that the three claims Wood seeks to pursue in state court would not be heard in this court because they are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although it is likely that further review of Wood's ineffective assistance of counsel claims is precluded by Pennsylvania law, because of the recent changes in state law, and in the interests of justice,

comity, and judicial economy, this court recommends that the instant petition be stayed and placed in civil suspense pending the resolution of Wood's application for collateral review in the state courts, including appellate review.

Accordingly, this court makes the following:

R E C O M M E N D A T I O N

AND NOW, this            day of May, 2003, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of *habeas corpus* be STAYED and placed in CIVIL SUSPENSE, pending the resolution of Wood's application for collateral review in the state courts, including appellate review.  IT IS FURTHER RECOMMENDED that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

Case 2:02-cv-04523-RBS    Document 17    Filed 05/21/2003    Page 8 of 8