IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE C. WOOD           :        CIVIL ACTION

v.                        :

FRANK D. GILLIS, et al.   :        NO. 02-4523

## SUPPLEMENTAL RESPONSE
## TO PETITION FOR WRIT OF HABEAS CORPUS

**LYNNE ABRAHAM**, District Attorney of Philadelphia County, by **ROBERT M. FALIN**, Assistant District Attorney, on behalf of respondents, respectfully requests that the Petition for Writ of Habeas Corpus be dismissed with prejudice and, in support thereof, provides this Court with the following supplemental response.

### *Procedural History*

On June 24, 2003, this Court stayed petitioner's habeas action, allowing him to return to state court in order to attempt exhaustion of three habeas claims. In the Report and Recommendation approved and adopted by the Court, the Magistrate Judge noted that it appeared likely that these claims would be rejected on procedural grounds in state court, but that a stay was nevertheless appropriate. Wood v. Gillis, No. 02-CV-4523, Report and Recommendation, at 6 (Melinson, J., filed May 21, 2003).

Petitioner returned to state court and filed a PCRA petition. On March 22, 2005, the Pennsylvania Superior Court dismissed petitioner's PCRA petition as untimely. Commonwealth v. Wood, No. 625 EDA 2004 (Pa. Super. Mar. 22, 2005)

(memorandum opinion attached as "Exhibit A"). It does not appear that petitioner has filed an <u>allocatur</u> petition in the Pennsylvania Supreme Court.

As of the date of this supplemental response, petitioner has not filed anything to re-open his habeas proceeding since the Superior Court's 2005 decision.

## DISCUSSION

This Court should dismiss the habeas petition with prejudice. It may do so under <u>Rhines v. Webber</u>, 125 S. Ct. 1528 (2005), which requires a state prisoner to act with diligence—usually thirty days—in returning to federal court in such situations. <u>Id.</u> at 1535. Petitioner in this case has not returned to federal court with anything approaching reasonable diligence; in fact, *he has not returned at all.* Thus, petitioner has forfeited the protection of this Court's stay order, and any subsequent return to federal court by him should be deemed untimely under 28 U.S.C. § 2244(d)(1).

This Court may also dismiss the habeas petition on the merits. Petitioner raised five habeas claims. Respondents addressed the merits of those claims, where necessary, in their original response. *Response to Petition for Writ of Habeas Corpus*, at 11-24. The remaining three are procedurally defaulted, as the dismissal of his latest PCRA on timeliness grounds makes abundantly clear. <u>See</u> *Exhibit A*.

WHEREFORE, respondents respectfully request that the Petition for Writ of Habeas Corpus be dismissed with prejudice.

Respectfully submitted,

/s/

ROBERT M. FALIN
Assistant District Attorney

# EXHIBIT A

J. S05014/05

**NON-PRECEDENTIAL DECISION-SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MAURICE WOOD, | : | |
| Appellant | : | No. 625 EDA 2004 |

Appeal from the PCRA Order entered January 13, 2004
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s). 92-11-4420, 93-02-1349, 93-02-1353 - 1355.

BEFORE:  ORIE MELVIN, McCAFFERY and TAMILIA, JJ.

MEMORANDUM:                                Filed:  March 22, 2005

Appellant, Maurice Wood, appeals from the order of the trial court dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The lengthy procedural history of this matter may be briefly summarized as follows.  Appellant was convicted by a jury in December 1993 of aggravated assault, robbery, and related offenses.  He was sentenced on October 12, 1994.  Appellant was granted leave to pursue a direct appeal *nunc pro tunc*, and this Court affirmed the sentence in part and reversed in part.  **Commonwealth v. Woods**, 710 A.2d 626 (Pa. Super. 1998), *appeal denied*, 556 Pa. 709, 729 A.2d 1129 (1998).[1]  The trial court

---

[1] Appellant states in his brief that his name is actually spelled "Wood" and not "Woods" as it appears in previous filings and decisions in this case. Appellant's brief at 4 n.1.

J. S05014/05

thereafter re-sentenced Appellant on July 15, 1999 consistent with this Court's decision.

Appellant filed an appeal from the newly imposed judgment of sentence, and this Court affirmed; our Supreme Court denied further review by order of July 31, 2001. **Commonwealth v. Woods**, 776 A.2d 298 (Pa. Super. 2001)(unpublished memorandum), *appeal denied*, 566 Pa. 663, 782 A.2d 546 (2001).

Appellant filed the instant PCRA petition *pro se* in March 2003. Counsel was appointed, who filed a "no merit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)(*en banc*). The trial court issued a notice of its intention to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, 42 Pa.C.S.A., and did so by order dated January 13, 2004. This timely appeal followed.

In his brief, Appellant asserts three claims of ineffectiveness of prior counsel, related to (1) whether a jury instruction on prior inconsistent statements was warranted; (2) whether the trial court gave an erroneous jury instruction on the crime of aggravated assault; and (3) the excessiveness of his sentence. Appellant's brief at 2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Allen**, 557 Pa. 135, 142, 732 A.2d 582, 586 (1999).

- 2 -

J. S05014/05

The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii) is met. **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 76, 753 A.2d 780, 783 (2000). The time limitations set forth in the Act are jurisdictional, and accordingly "a PCRA court lacks jurisdiction to address the claims raised in an untimely petition." **Commonwealth v. Crews**, ___ Pa. ___, 863 A.2d 498, ___ (2004).

Instantly, Appellant's judgment of sentence was final 90 days after July 31, 2001, the date on which our Supreme Court denied allowance of appeal. **See** 42 Pa.C.S.A. § 9545(b)(3); United States Supreme Court Rule 13. As such, his petition filed in March 2003 is patently untimely. Appellant has made no suggestion that he qualifies under any of the exceptions to the one year time limitation, and, thus, has plainly failed to meet his burden of proving one applies. Consequently, we must agree with the conclusion of the trial court that it lacked jurisdiction to consider the merits of Appellant's petition.[2]

---

[2] It is significant to note that each of the underlying issues Appellant raises in his brief were previously litigated and rejected in one or the other of his prior direct appeals to this Court, both of which were denied further review

J. S05014/05

Order affirmed.

---

by our Supreme Court. Those same contentions are now merely couched in terms of ineffective assistance of counsel. It is well settled that a petitioner cannot obtain post-conviction review of previously litigated claims by framing them as allegations of ineffective assistance of prior counsel. **Commonwealth v. Fisher**, 572 Pa. 105, 124, 813 A.2d 761, 771 (2002)(citations omitted). Furthermore, our Supreme Court has explicitly declared that "attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition" will not provide a basis for relief. **Commonwealth v. Breakiron**, 566 Pa. 323, 334, 781 A.2d 94, 100 (2001).

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE C. WOOD | : | CIVIL ACTION |
| v. | : | |
| FRANK D. GILLIS, et al. | : | NO. 02-4523 |

## CERTIFICATE OF SERVICE

I, ROBERT M. FALIN, herby certify that on July 28, 2006, a copy of the foregoing pleading was served by placing same, first-class postage prepaid, in the United States Mail, addressed to:

> M. Wood
> CN-3835
> 1 Kelley Drive
> Coal Township, PA 17866

/s/
_____
ROBERT M. FALIN
Assistant District Attorney
District Attorney's Office
Three South Penn Square
Corner of Juniper and South Penn Square
Philadelphia, PA 19107-3499
215-686-5690