IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE C. WOOD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK D. GILLIS, et al. | : | NO.  02-4523 |

**REPORT AND RECOMMENDATION**

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**              September    25   , 2006

  Wood originally filed this habeas petition on July 8, 2002.  Because three of Wood's five claims for relief had not been presented to the state courts, the Honorable James R. Melinson, formerly of this court, recommended that the petition be stayed.  On June 24, 2003, the Honorable R. Barclay Surrick, to whom the case is assigned, approved and adopted Judge Melinson's recommendation.  At that point, the case was placed in civil suspense.  On April 25, 2006, after Wood sought relief in the state court, Judge Surrick reactivated the case, transferring it from suspense to the active docket.  Once the case was referred to the undersigned, we ordered the District Attorney to file a supplemental response to the petition.  For the reasons that follow, I recommend that the petition be denied.

**FACTS AND PROCEDURAL HISTORY:**

  On December 16, 1993, after a jury trial before the Honorable John J. Chiovero, Wood was convicted of two counts each of aggravated assault and carrying a firearm on a public street, and one count each of robbery and criminal conspiracy.[1]  After denying post-verdict motions,

---

[1] A detailed discussion of the facts underlying the convictions is contained in the discussion of Wood's claim that counsel was ineffective for failing to call a favorable witness.  See infra, at 7-8.

Judge Chiovero sentenced Wood to an aggregate term of 30 - 80 years' imprisonment.[2]

Wood filed a timely appeal. However, the appeal was dismissed on January 3, 1996, because counsel failed to timely file a brief in support of the appeal. On July 22, 1996, Wood filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551, seeking the reinstatement of his direct appellate rights. The petition was granted and appointed counsel filed an appeal on September 13, 1996. In his direct appeal, Wood claimed that:

1. Counsel was ineffective for failing to investigate and call a witness;

2. The trial court erred by failing to instruct the jury on prior inconsistent statements;

3. Counsel was ineffective for failing to preserve a sufficiency of the evidence claim;

4. Counsel was ineffective for failing to object to the trial court's aggravated assault charge; and

5. The two convictions for carrying a firearm on a public street should have merged.

On April 21, 1998, the Superior Court vacated Wood's sentence for one of the two convictions for carrying a firearm on a public street. The judgments of sentence were affirmed in all other respects. Commonwealth v. Woods, 3238 Phila. 1996.[3]

On May 21, 1998, Wood filed a petition for allowance of appeal in the Supreme Court of Pennsylvania, claiming that counsel was ineffective for: failing to investigate and call a witness;

---

[2] Wood was sentenced to 10 - 20 years' on the first aggravated assault charge; 5 - 20 years' on the second; 5 - 20 years' for robbery; 2½ - 5 years' for each of the firearms charges; and 5 - 10 years' for criminal conspiracy. All sentences were consecutive.

[3] Throughout most of the state court proceedings, the petitioner was referred to as "Maurice Woods." The Superior Court noted this error in its March, 2005 opinion. When he filed his habeas petition, he filed it as and signed it "Maurice Wood." Therefore, we will refer to the Petitioner as Wood, unless directly quoting the state court or citing a state court opinion.

and failing to preserve a sufficiency of the evidence claim. On October 6, 1998, the Pennsylvania Supreme Court denied allocatur. Commonwealth v. Woods, 250 E.D. Allocatur Dkt. 1998.

On April 13, 1999, pursuant to the earlier Order of the Superior Court, the trial court vacated its judgment of sentence on one of the convictions for carrying a firearm on a public street. Judge Chiovero re-imposed the sentence previously imposed on the remaining charges. The defense requested the court to reconsider the sentence. On July 15, 1999, Judge Chiovero denied the defense request to reconsider the sentence.

Wood again filed an appeal in the Superior Court, claiming:

1. The sentences for robbery and aggravated assault should have merged;

2. The trial court violated due process in the sentencing proceedings; and

3. The trial court abused its discretion in denying reconsideration of the sentence.

On February 2, 2001, the Superior Court affirmed the judgments of sentence. Commonwealth v. Woods, 2567 EDA 1999. He then sought review in the Pennsylvania Supreme Court. On July 21, 2001, his petition for allocatur was denied. Commonwealth v. Woods, 782 A.2d 546 (Pa. 2001)(table).

On July 8, 2002, Wood filed this habeas petition, claiming:

1. The trial court erred in failing to give an instruction on prior inconsistent statements;

2. Counsel was ineffective for failing to investigate and call a witness;

3. Counsel was ineffective for failing to preserve a sufficiency of the evidence claim;

4. Counsel was ineffective for failing to object to the court's instruction on aggravated assault; and

3

     5. The trial court imposed an excessive sentence.

When the petition was originally considered, Judge Melinson found that three of the five claims (the first, fourth, and fifth), were unexhausted. Judge Surrick placed the case in suspense to allow Wood the opportunity to exhaust these claims. Thereafter, Wood filed a PCRA petition in the state court, presenting his three previously unexhausted habeas claims. On January 13, 2004, the PCRA Court dismissed the petition as untimely filed. The Superior Court affirmed the PCRA Court's decision on March 22, 2005. Commonwealth v. Wood, 625 EDA 2004.[4]

     On April 25, 2006, Judge Surrick reactivated the habeas case, moving it out of suspense and into the active docket. It does not appear that Wood made any effort to reactivate the petition. However, it is clear that he has now presented his previously unexhausted claims to the state courts.

**DISCUSSION:**

     The District Attorney first argues that the court should dismiss the case because Wood failed to reactivate the case in the federal court. Considering the timing of the case, we believe it would be inequitable to do so. In March, 2005, the United States Supreme Court approved of a "stay and abey" procedure to allow petitioners who had filed mixed petitions to return to state court to exhaust their previously unexhausted claims. Rhines v. Weber, 544 U.S. 269 (2005). However, the Court cautioned that the petitioner must act with diligence in pursuing his state remedies and returning to the federal court. Rhines, at 278 ("petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review"). Here,

---

[4]It does not appear from the state court record or a review of the docket that any further appeals have been taken.

Wood pursued his state appeals diligently, but failed to notify the federal court when his state appeals had concluded. However, because Rhines had not been decided at the time Wood's habeas petition was stayed, we believe it would be unfair to hold him to the standard of Rhines. It is possible that Wood believed there was some internal mechanism to reactivate his petition once his state appeals had concluded. Therefore, we will proceed to address his petition further.

**Exhaustion and Default**

In the original Report, Judge Melinson explained that before the federal court will address the merits of a habeas claim, the petitioner must comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). This requires that the petitioner fairly present his claims to the state courts in order to give the state the "initial opportunity to pass upon and correct" any alleged violations of petitioner's rights. Picard v. Conner, 404 U.S. 270, 275 (1971)(citing Wilwording v. Swenson, 404 U.S. 249, 250 (1971)).

If the petitioner has failed to exhaust his state court remedies with respect to any claim, and is foreclosed from now doing so, the claim is procedurally defaulted. See Teague v. Lane, 489 U.S. 288, 308 (1988) (plurality opinion); Wainwright v. Sykes, 433 U.S. 72 (1976). Similarly, if the petitioner has presented a claim to the state courts, but the state courts refused to address the merits of the claim based on a state procedural rule, the claim is considered procedurally defaulted. Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991). The federal court will consider a procedurally defaulted claim only if the petitioner has established cause and prejudice for his default or that a failure to consider the claim will result in a fundamental miscarriage of justice.

At this point, all of Wood's claims have been exhausted. The three claims that were

previously unexhausted were presented to the state courts in Wood's most recent collateral appeal. However, the state court refused to address the merits of the three claims because Wood's PCRA petition was untimely filed. Therefore, those three claims are procedurally defaulted in the federal forum.

> [I]f the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed unless there is cause and prejudice or a showing of innocence.

Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Wood has not explained his failure to present these claims in one of his earlier, timely state appeals. Thus, he has not established cause for his default. Moreover, in order to make the requisite showing of innocence, Wood must supplement his claims with a showing of factual innocence. Kuhlmann v. Wilson 477 U.S. 436, 454 (1986). This requires Wood to show that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir.2002).

Construed broadly, Wood's claim that his counsel failed to call a favorable witness could be read to assert his innocence. However, as we will discuss later in this Report, the statement by this witness is insufficient to establish his innocence. See infra, at 8-9. Therefore, the first, fourth, and fifth claims remain defaulted and we need not address them further.

**Counsel's Failure to Call a Witness**

Wood claims that counsel was ineffective for failing to investigate, subpoena, and call a "crucial defense witness," Sekina Squarrel. In his direct appeal, Wood claimed that counsel was

6

ineffective for failing to call Ms. Squarrel because she could have supported a self-defense theory.  The Superior Court found that Ms. Squarrel's testimony would have been insufficient to establish such a theory.  Because the failure to call Ms. Squarrel did not prejudice the defense, the Superior Court found that counsel was not ineffective, nor was Wood denied a fair trial.  Commonwealth v. Woods, 3238 Phila. 1996, at 5.

In order to fully understand Wood's claim, it is necessary to review the facts underlying his conviction.  On August 13, 1992, Wood, driving a red station wagon, hit a Cadillac driven by Darryl Grant on the Roosevelt Boulevard.  (There were four passengers in Mr. Grant's car.) (N.T. 12/15/93, 34-35).  Wood then passed the Cadillac and side-swiped it.  (N.T. 12/15/93, 35). Mr. Grant followed the red station wagon as it exited the Roosevelt Boulevard, onto the 4700 block of North Third Street.  Wood then pulled over, as did Mr. Grant.  Mr. Grant got out of his car and walked to the red station wagon.  (N.T. 12/15/93, 36-37).  Mr. Grant asked Wood for his insurance information and Wood said he would get it.  (N.T. 12/15/93, 39).  At the same time, an unidentified male passenger in Wood's car exited the car and walked toward Mr. Grant.  (N.T. 12/15/93, 37-38).  Wood then exited the car and shot Mr. Grant three times in the abdomen. (N.T. 121/15/93, 40, 42).   Wood and his passenger got back in their car and fled the scene.

Shortly after the attack on Mr. Grant, Wood, again driving the red station wagon on the Roosevelt Boulevard, swerved his car into the path of a Dodge Omni, which was behind him, forcing the Omni off the road, into a ditch.  (N.T. 12/15/93, 130).  The driver of the Omni, Julius Lewis, attempted to drive out of the ditch.  Wood approached the Omni and asked if Mr. Lewis was okay.  (N.T. 12/15/93, 131).  After trying to open the door of the Omni, Wood fired his gun twice into the passenger compartment, shattering the rear window of the car, but not hitting Mr.

Lewis.  (N.T. 12/15/93, 133).  Wood and his cohort then forced Mr. Lewis from his vehicle, got in, and sped away.  (N.T. 12/15/93, 133-34).

Mr. Grant survived the attack after having surgeries to repair the damage to his abdomen.  Mrs. Grant identified Wood's picture from a photo array several days after the incident.  Both Mr. and Mrs. Grant later identified Wood in separate lineups.  Mr. Lewis identified Wood at a separate lineup.

Wood claims that Ms. Squarrel's testimony would have established that he acted in self-defense with respect to the shooting of Mr. Grant and that his counsel's failure to call Ms. Squarrel was ineffective.  We disagree.  In order to succeed with an ineffective assistance of counsel claim, the petitioner must establish that counsel's performance was deficient and the deficient performance must prejudice the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  We conclude, as did the state courts, that Wood cannot establish that the failure to call Ms. Squarrel prejudiced his defense.

There are two statements by Ms. Squarrel contained in the state court record.  These statements establish that Ms. Squarrel was in the car with Wood at the time of the incident with Mr. Grant.  She saw Wood get out of the car and noticed he had a gun.  At that point, she got out of the car and ran away.  As she fled, she heard three gunshots.  (Investigation Interview Record of Squarrel).

We believe that there is a third statement by Ms. Squarrel.  The Superior Court references an affidavit by Ms. Squarrel which is not contained in the state court record.  The Superior Court recounts the contents of the affidavit, noting that Mr. Grant responded in an angry and threatening manner when he approached Wood's car.  Additionally, the Superior Court notes that

Ms. Squarrel noticed that Mr. Grant had his hand in his waistband as he approached Wood's car. <u>Commonwealth v. Woods</u>, 3238 Phila. 1996, at 5. Wood argues that counsel was ineffective for failing to present Ms. Squarrel's testimony to support a self defense or justification defense.

 Even assuming that Ms. Squarrel would have testified as Wood argues, her testimony would have been insufficient to establish self defense or a justification defense, and would not have undermined the jury's verdict. Self-defense requires that the actor (a) reasonably believe that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force to prevent such harm; (b) be free from fault in provoking the confrontation; and (c) did not violate a duty to retreat. <u>Commonwealth v. Samuel</u>, 527 Pa. 298, 590 A.2d 1245 (1991).

 The evidence at trial established that Mr. Grant was unarmed. Even if Wood believed Mr. Grant was reaching for a gun in his waistband, Wood had a duty to retreat. He was still in the car and could have driven away. Instead, he got out of his vehicle and confronted Mr. Grant. In addition, the evidence is inconsistent with a self-defense theory. Mr. Grant was shot, not once, not twice, but three times. Moreover, Ms. Squarrel could have been cross-examined with the reports that are contained in the state court record. There she stated that she fled the car and was running away when she heard the three gunshots. Hence, she did not see what transpired immediately before the shooting. Because Ms. Squarrel's testimony would not have established a self-defense theory, the defense was not prejudiced by counsel's failure to present this witness. Therefore, counsel cannot be considered ineffective.

 **<u>Counsel's Failure to Preserve a Sufficiency of the Evidence Claim</u>**

 Finally, Wood claims that counsel was ineffective for failing to preserve a sufficiency of the evidence claim regarding the conviction for aggravated assault on Mr. Lewis. In reviewing

challenges to the sufficiency of the evidence, the question for the habeas court is "whether, after reviewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Sullivan v. Cuyler</u>, 723 F.2d 1077, 1083-84 (3d Cir. 1983)(quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)) (emphasis in original).

> Pursuant to Pennsylvania law, a person is guilty of aggravated assault if he:
>
> attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S.A. § 2702(a)(1). In the state court, Wood argued that the evidence was insufficient to prove he had a specific intent to cause serious bodily injury to Mr. Lewis. The state courts rejected the argument, finding that the circumstances surrounding the incident were sufficient to allow the jurors to find that Wood had acted with the requisite intent.

> As far as the sufficiency of the evidence is concerned **Commonwealth v. Hunter**, 434 Pa. Super. 583, 644 A.2d 763 (1994), makes clear that a specific intent to injure can be inferred from the circumstances of firing a gun into an occupied house. We see no reason why the same rule of law would not apply to the firing of a weapon into an occupied vehicle. In short, the jury was certainly entitled, although not required, to find the necessary intent to support an aggravated assault charge from the fact that appellant fired his weapon into Mr. Lewis' vehicle while he occupied it. As such, the sufficiency of the evidence challenge is without merit and counsel cannot be found ineffective for failing to pursue a meritless argument.

<u>Commonwealth v. Woods</u>, 3238 Phila. 1996, at 8-9.

The testimony at trial established that Wood fired a gun into the passenger compartment of Mr. Lewis's car, while he was still in it. (N.T. 12/15/93, 133). This was clearly sufficient for the jury to conclude that Wood acted with the intent to cause serious bodily harm to Mr. Lewis. We find no need to discuss this claim further.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 25th day of September, 2006, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 25th day of September, 2006, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE C. WOOD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK D. GILLIS, et al. | : | NO. 02-4523 |

**O R D E R**

R. BARCLAY SURRICK, J.,

      AND NOW, this _____ day of _____, 2006, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

      1.  The Report and Recommendation is APPROVED and ADOPTED.

      2.  The petition for a writ of habeas corpus is DENIED.

      3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

      BY THE COURT:

      _____
      R. BARCLAY SURRICK, J.